<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| HAMEED BROOKS, |
| |
| Plaintiff, |
| |
| v. |
| |
| CHRISTOPHER WHELTON, et al., |
| |
| Defendants. |

Civil Action No. 21-20568 (KMW) (SAK)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff Hameed Brooks's application to proceed *in forma pauperis* (ECF No. 1-1) and the Court's *sua sponte* screening of Plaintiff's civil complaint. (ECF No. 1.)  Having reviewed Plaintiff's application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

I.      <u>**BACKGROUND**</u>

Plaintiff is a state pre-trial criminal detainee currently confined in the Camden County Correctional Facility.  (ECF No. 1 at 2.)  In his complaint, Plaintiff seeks to raise federal civil rights claims against several organizations and individuals associated with his pending criminal charges.  (*Id.* at 5-6.)  Although the complaint is not terribly detailed, Plaintiff appears to have

been arrested on criminal charges stemming from an aggravated assault he allegedly committed against his ex-girlfriend during a domestic violence incident.  (*See* ECF No. 1-2 at 10-11.) Following this incident, the ex-girlfriend obtained a temporary restraining order, which the Haddon Heights Police Department tried to serve on Plaintiff on a few occasions.  (*Id.*)  They did not successfully serve him, however, until after they arrested him at his home.  (ECF No. 1 at 6.) Plaintiff also states that the police "slandered" his name "around town," presumably in efforts to serve the restraining order.  (*Id.*)   However, Plaintiff does not clarify how he was slandered. Plaintiff is also unhappy with the fact that police arrested him on domestic violence charges, but did not charge the alleged victim after her vehicle was found to have an expired registration.  (*Id.*; ECF No. 1-2 at 11.)

In addition to the police, Plaintiff also seeks to raise claims against prosecutor Christopher Whelton, who he claims "illegally" recorded his phone calls and provided them to defense counsel alongside threats to charge Plaintiff based on these calls.  (ECF No. 1 at 6.)  Plaintiff also takes issue with another prosecutor, Natalie Chute, giving the alleged victim her cell phone number so that she could provide Chute with evidence.  (*Id.*)  In addition, Plaintiff seeks to raise claims against his own defense attorney, Craig Mitnick, who he believes failed to take proper actions in his criminal proceedings based on the illegal calls and other issues.  (*Id*. at 5.)  Finally, Plaintiff names two additional Defendants – the Camden County Police Department and Alice I. Cupaiuolo – for whom he provides no allegations and whose role in these affairs goes unspecified in the complaint. (*Id.* at 3.)  As relief, Plaintiff asks that this Court either dismiss his criminal charges or sentence him to time served and order his release.  (*Id.* at 6.)

## II.    <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute,

this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to raise false arrest and state law slander claims against the Haddon Heights Police Department, malicious prosecution claims against Defendants Chute and Whelton, deficient performance claims against his criminal attorney Craig Mitnick, and unspecified claims against the Camden County Police Department and an individual named Alice I. Cupaiuolo.  As to these last two Defendants – the county police and Ms. Cupaiuolo, Plaintiff pleads no facts indicating their personal involvement in any of the alleged wrongs.  As personal involvement in alleged constitutional violations is a necessary element of *any* civil rights claim, *see, e.g., Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), Plaintiff has failed to plead a plausible claim against either of these defendants, and any claim Plaintiff wished to raise against Defendant Cupaiuolo or the Camden County Police Department are dismissed without prejudice.

Next, Plaintiffs claims against his criminal attorney, Craig Mitnick is also dismissed with prejudice. The Court notes that criminal defense attorneys, including both public defenders and appointed criminal counsel are absolutely immune from suit under § 1983 for actions taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014).  As all of Plaintiff's claims against Mitnick relate to his alleged failings in providing criminal representation, he is immune from suit for those claims in this civil rights matter.  Plaintiff's civil rights claims against Mitnick are therefore dismissed with prejudice.

Similarly, Plaintiff's claims against defendants, Chute and Whelton, will also be dismissed with prejudice because these claims suffer from a similar flaw – his claims against them arise directly out of their actions in prosecuting him.  The Court notes that state prosecutors, are immune from suit in a federal civil rights actions taken in connection with their role in initiating and pursuing criminal prosecutions.  *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012).  As Plaintiff's claims directly relate to the prosecutor's actions in prosecuting him, they are immune from suit and his claims against them must be dismissed with prejudice.

Plaintiff also seeks to raise claims against the Haddon Heights Police Department.  However, a municipal police department, is not a person subject to a federal civil rights suit, and any federal civil rights claim against a municipal police department must be dismissed.  *See, e.g., Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016).  Therefore, Plaintiff's civil rights claim for false arrest against the Haddon Heights Police Department is dismissed without prejudice.  Although Plaintiff does seek to raise a state law slander claim against the Department, because this Court has dismissed all claims over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over that claim.  *See* 28 U.S.C. § 1367(c)(3).

Lastly, although this Court will dismiss Plaintiff's claims for the reasons set forth above, the Court finally notes that Plaintiff is seeking through this matter to attack his ongoing criminal proceedings.  Such an attack, however, is not properly brought through a civil rights matter and instead generally may be brought in federal court only through a petition for a writ of habeas corpus.  *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Indeed, under the *Younger* abstention doctrine, a federal court may not interfere in ongoing state criminal proceedings, and must abstain from hearing claims which would require it to do so.  *See, e.g., ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (*Younger* abstention doctrine requires that federal

5

courts abstain from hearing federal civil cases which "threaten[] to interfere with . . . state criminal prosecutions"); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Thus, Plaintiff cannot bring claims seeking his release or the dismissal of his criminal charges in this Court through a civil rights matter even had he pled a plausible claim seeking such relief.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED** in its entirety.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge